**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21199

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**CENTRAL ISLIP DIVISION**

| | |
|---|---|
| Audrey Washington, | Case No: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| C.Tech Collections, Inc., | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff Audrey Washington, by and through the undersigned counsel, complains, states, and alleges against defendant C.Tech Collections, Inc. as follows:

**INTRODUCTION**

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

3. This court has jurisdiction over defendant C.Tech Collections, Inc. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

1

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Audrey Washington ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant C.Tech Collections, Inc. ("Defendant") is a company existing under the laws of the State of New York, with its principal place of business in Mount Sinai, New York.

8. Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

15. Plaintiff received medical services from Lindenhurst Medical Center.

16. Thereafter, Lindenhurst Medical Center claimed Plaintiff incurred a debt of $130.00 for the medical services ("the alleged Debt").

17. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred by Lindenhurst Medical Center to Defendant for collection.

18. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

19. In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

20. Upon information and belief, rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party in Oaks, Pennsylvania to perform such activities on its behalf.

21. Upon information and belief, the third party is RevSpring.

22. Upon information and belief, as part of its utilization of RevSpring, Defendant conveyed information regarding the alleged Debt to RevSpring by electronic means.

23. Upon information and belief, the information conveyed by Defendant to RevSpring included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, and the fact that the alleged Debt concerned Plaintiff's medical treatment, among other things.

24. Defendant's conveyance of the information regarding the alleged Debt to RevSpring is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

25. Upon information and belief, RevSpring then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at Defendant's direction.

3

26. That letter, dated July 13, 2020, was received and read by Plaintiff. (A true and accurate copy of that collection letter (the "Letter") is annexed hereto as "**Exhibit 1**.")

27. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692c(b) and § 1692f

28. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

29. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

30. RevSpring vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

31. Plaintiff never consented to Defendant's communication with RevSpring concerning the alleged Debt.

32. Plaintiff never consented to Defendant's communication with RevSpring concerning Plaintiff's personal and/or confidential information.

33. Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

34. Upon information and belief, Defendant has utilized RevSpring for these purposes thousands of times.

35. Defendant utilizes RevSpring in this regard for the sole purpose of maximizing its profits.

36. Defendant utilizes RevSpring without regard to the propriety and privacy of the

4

information which it discloses to RevSpring.

37. Defendant utilizes RevSpring with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

38. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to RevSpring.

39. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

40. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

41. Defendant disclosed Plaintiff's private and sensitive information to RevSpring.

42. Defendant violated 15 U.S.C. § 1692f when it disclosed information about Plaintiff's alleged Debt to RevSpring.

43. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## JURY DEMAND

44. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Finding Defendant's actions violate the FDCPA; and

b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

d. Awarding the costs of this action to Plaintiff; and

5

    e.  Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

    f.  Such other and further relief that the Court determines is just and proper.

DATED: May 13, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By:  <u>s/ *David M. Barshay*</u>
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21199
*Attorneys for Plaintiff*